**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**HINKLE METALS & SUPPLY CO., INC.**                                   **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 1:03cv578Ro**

**EAGLE MECHANICAL, INC., ET AL**                                    **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on the Motion [63-1] of plaintiff Hinkle Metals & Supply Co. ("Hinkle") for Summary Judgment. Defendants Eagle Mechanical, Inc. ("Eagle"), James M. Dodson ("Dodson") and Joseph M. Schafhirt ("Scharfhirt") filed their Response [67-1] to Plaintiff's Motion for Summary Judgment on April 19, 2005. Hinkle filed its Rebuttal [70-1] to Eagle's Response to Motion for Summary Judgment on May 10, 2005. Therefore, the Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the plaintiff's Motion [63-1] for Summary Judgment should be granted in part and denied in part.

**STATEMENT OF CASE**

Hinkle has sold HVAC/metal products and had a business relationship with Eagle for many years. In 2002, Eagle owed Hinkle a debt of approximately $334,913.69. *See* Plaintiff's Motion for Summary Judgment [63-1] at 2. In March 2002, Hinkle and Eagle entered into an agreement, which was not reduced to writing, that Eagle would pay Hinkle $25,000.00 per month to satisfy the debt. *See* Defendant's/Counter-Plaintiff's Response to Plaintiff's Motion for Summary Judgment [67-1] at II. Between March 2002 and November 2002, Eagle incurred an additional debt of $48,123.04 to Hinkle, but continued to pay the $25,000.00 per month pursuant to the agreement. *See Id.* at IV.

Hinkle claims that Eagle missed its April and July 2002 payments.  *See* Plaintiff's Motion for Summary Judgment [63-1]at 7.  Hinkle then warned Eagle that it intended to take legal action to collect on the debt.  On September 17, 2002, Hinkle sent out four (4) "stop payment" notices to companies where Eagle was performing construction work.  *See Id.* at 13.  One company, Adams Homes, sent a check to Hinkle in the amount of $20,231.14 in response to this letter.  *See Id.* at 19.  Hinkle received no payments from the other companies which had received the letters and it filed this collection action on June 6, 2003.  *See* Complaint [1-1].  In response, Eagle filed a counterclaim for material breach of contract, tortious interference with business opportunity, defamation of character, libel and slander, frivolous lawsuit, and punitive damages.  *See* Answer to Complaint and Counterclaim [10-1].

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment."  *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97.  "The requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general

allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

## **ANALYSIS**

Hinkle, in its Motion for Summary Judgment [63-1], contends that the stop payment notices were legal and it was statutorily authorized to send them. Hinkle further contends that Eagle's other claims fail because they are without merit since those claims rely on Hinkle not having the authority to send the notices. Hinkle further contends that because the Court has already denied a Motion to Dismiss for the two individual defendants, Eagle's frivolous lawsuit claim must also fail.

Eagle does not dispute that stop payment notices are allowed under Mississippi law, but counters that Hinkle was not authorized to send the stop payment notices because Eagle was in compliance with its agreement to repay its debt to Hinkle. Eagle contends that it has satisfied, in full, its debt to Hinkle.

While the law seems clear regarding stop payment notices, there remain issues of material fact regarding repayment of the debt. Eagle and Hinkle have both attached affidavits and business

records as exhibits to their respective filings to support their claims. One set of these exhibits purports to show that the debt is still outstanding and the other to show that it has been satisfied. The true state of the debt is a key fact to this case and is the main one at issue. Therefore, at this time, the Court finds there are genuine issues of material fact as to whether or not the debt has been repaid.

Punitive damages are not favored under Mississippi law; they are considered an extraordinary remedy and are allowed with caution and within narrow limits. *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss. 1988); *Langston v. Bigelow*, 820 So.2d 752, 757-58 (Miss. App. 2002); *Terrell v. W.S. Thompson Trucking, Inc.*, 2001 WL 1593135, at *2 (N.D. Miss. 2001). Mississippi common law does not allow an award of punitive damages in the absence of compensatory damages. *See Vidrine v. Enger*, 752 F.2d 107, 110 (5th Cir. 1984); *Worldwide Forest Products, Inc. v. Winston Holdings Co.*, 1999 WL 33537093, at *13-14 (N.D. Miss. 1999). Eagle has acknowledged that Hinkle's actions of sending the stop payment notices are legal, so long as a debt is actually owed. Hinkle has pursued its claims for collection in a proper manner. Therefore, the Court finds that the claim for punitive damages should be dismissed.

## CONCLUSION

There exist genuine issues of material fact that are disputed and must be tried. For the foregoing reasons, this Court is of the opinion that Plaintiff's Motion for Summary Judgment [63-1] should be granted as to punitive damages and denied as to all other claims.

This the 18th day of January, 2006.

s/ John M. Roper, Sr.<br>CHIEF UNITED STATES MAGISTRATE JUDGE